UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NCR VOYIX CORPORATION,

*Plaintiff,*

v.

AT&T ENTERPRISES, LLC,
f/k/a AT&T CORP.,

*Defendant.*

Case No. 26-CV-00848

DECLARATION OF MICHAEL KRUGER IN SUPPORT OF AT&T'S
OPPOSITION TO NCR'S MOTION FOR A PRELIMINARY INJUNCTION

I, Michael Kruger, states as follows under penalty of perjury and pursuant to 28 U.S.C. § 1746:

1.      My name is Michael Kruger. I am over 18 years of age and competent to make this declaration. I am currently a Vice President and Controller at AT&T Services, Inc. I make this declaration based on my personal knowledge in support of Defendant AT&T Enterprises, LLC's (formerly AT&T Corp.) ("AT&T") Opposition to Plaintiff NCR Voyix Corporation (formerly NCR Corp.) ("NCR") Motion for a Preliminary Injunction, except where I have indicated my knowledge is based on information and belief.

2.      Under the parties' Separation and Distribution Agreement dated February 1, 1996 ("SDA"), NCR is entitled to reimbursement for Exclusive Contingent Liabilities from AT&T only after it has incurred more than $100 million

1

NYACTIVE-25805036.1

in costs and expenses and only after NCR submits an invoice with reasonable supporting information. (SDA §§ 6.1(d), 6.3(b), 6.5(a).) With respect to attorneys' fees and costs, NCR is entitled to reimbursement for such expenses only if they are "reasonably incurred" and supported by "reasonable supporting information." (*Id.* §§ 1.62, 6.5(a).)

3.    In November 2012, NCR began invoicing AT&T for its share of costs incurred in connection with the Fox River liability pursuant to the SDA, including invoices for legal fees and expenses charged to NCR by the law firm Cravath, Swain & Moore LLP ("Cravath"). Initially, NCR provided only summary documentation for the Cravath invoices, such as single-page block billing descriptions for an entire month of work.

4.    Beginning in December 2012, AT&T began paying the Fox River invoices despite objecting to certain charges and expressly reserving its rights. NCR acknowledged and agreed to AT&T's reservation of rights. AT&T also requested reasonable supporting information, for the Cravath legal fees and expenses, as required by Section 6.5 of the SDA.

5.    From 2013 through 2020, AT&T repeatedly requested additional documentation supporting Cravath's legal fees and expenses NCR sought to recover in connection with its Fox River liability.

6.    After seven years of AT&T's requests, NCR ultimately produced substantial additional documentation, including Cravath's detailed time entries, cost detail reports, and supporting documentation for certain expenses. Upon information

2

and belief, I understand that the documentation NCR eventually produced regarding Cravath's legal fees and expenses nearly totaled 38,000 pages.

7.    After review and analysis of that documentation, AT&T determined that a substantial portion of the Cravath legal fees were not "reasonably incurred" within the meaning of the SDA due to numerous unreasonable billing practices. AT&T also raised additional disputes regarding NCR's Fox River invoices that are not at issue here.

8.    NCR's Fox River Invoice Nos. 1-26 included a total of approximately $86 million charged by Cravath for its legal services and associated costs and expenses. AT&T paid its share of all Fox River Invoices Nos. 1-26, for a total of $90,040,839.18, subject to the parties' agreed reservation of rights and their agreement to consolidate disputes following the completion of the Fox River remediation. Pursuant to tolling agreements between the parties, the Fox River disputes continue to be subject to the parties' ongoing dispute resolution process under the SDA.

9.    In March 2023, NCR issued its first invoice relating to its Kalamazoo River liability ("Kalamazoo Invoice No. 1"), which included 47 Cravath invoices amounting to $66,853,327.96 in Cravath legal fees and costs.

10.   NCR did not provide time entries or other supporting documentation for 36 of the 47 Cravath invoices included in Kalamazoo Invoice No. 1. Those 36 Cravath invoices—totaling $66,047,976 (the "Disputed Cravath Invoices"), were only supported by monthly invoices consisting of a single block-billed entry and lists of undocumented expenses. Upon information and belief, I understand that the

3

documentation supporting the Disputed Cravath Invoices totals 116 pages of these block-billed invoices.

11.    NCR provided Cravath time entries for only 11 of the 47 Cravath invoices included in Kalamazoo Invoice No. 1, accounting for just $805,351.60 of the total Cravath fees and costs. NCR later provided Cravath time entries for Kalamazoo Invoice No. 6, which included an additional $54,690.49 in Cravath fees and costs.

12.    AT&T paid Kalamazoo Invoice Nos. 1 through 10, subject to a reservation of rights that NCR acknowledged and agreed. To date, AT&T has paid $29,718,219.50 for its share of the Kalamazoo River liability (the "Total Amount Paid").

13.    AT&T has not paid Kalamazoo Invoice Nos. 11 through 13, which seek reimbursement of $16,290,300.88 from AT&T based on $56,810,119.93 in expenses NCR claims to have incurred.

14.    Under the SDA's allocation procedures, which include a 37% allocation to AT&T and a 22.5% tax benefit, AT&T's share of the $66,047,976 in fees from the Disputed Cravath Invoices is $18,939,257.22 (the "Disputed Amount").

15.    The Total Amount Paid by AT&T to date exceeds the Disputed Amount by $10,778,962.28, which is the amount AT&T was obligated to pay on Kalamazoo Invoice Nos. 1 through 10 after removing the Disputed Cravath Invoices. Therefore, AT&T has pre-paid $18,939,257.22 worth of invoices (*i.e.,* the Disputed Amount), only $16,290,300.88 of which were due at the time of NCR's preliminary injunction filing. / / /

4

16.    On January 26, 2026, representatives from NCR and AT&T and their respective outside counsel met and conferred pursuant to the SDA and the Fox River and Kalamazoo River tolling agreements. During that meeting, AT&T proposed moving forward with mediation and asked NCR to respond to that proposal by February 6, 2026. Instead, NCR filed its preliminary injunction motion five days later, on January 31, 2026.

17.    Other than continuing to withhold the Disputed Amount subject to challenge in the parties' upcoming arbitration, AT&T intends to continue to reimburse NCR for subsequent invoices related to the Kalamazoo River liability after NCR incurs $66,047,976 in Kalamazoo River expenses.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Dallas, Texas on February 12, 2026.

/s/ _____

Michael Kruger

5

NYACTIVE-25805036.1