# CRAVATH

Yonatan Even
yeven@cravath.com
T+1-212-474-1958
New York

**The Court is in receipt of the endorsed correspondence.  Defendant is hereby ORDERED to file a letter response to the allegations in this letter on or before Wednesday, April 29, 2026.**

Dale E. Ho
United States District Judge
Dated: April 27, 2026
New York, New York

April 24, 2026          **SO ORDERED.**

**Re:  NCR Voyix Corporation v. AT&T Enterprises, LLC, f/k/a AT&T Corp.,
Case No. 26-cv-00848**

Dear Judge Ho:

I write on behalf of Plaintiff NCR Voyix Corporation ("NCR") to update the Court on events relevant to NCR's Motion for Preliminary Injunction against Defendant AT&T Enterprises, LLC, f/k/a AT&T Corp. ("AT&T" and, together with NCR, the "Parties"), filed on January 31, 2026 in the above-referenced action (the "Motion").

NCR's Motion seeks a preliminary injunction, in aid of arbitration, requiring AT&T to resume payments for its contractual share of costs incurred by NCR to remediate the Kalamazoo River, as NCR is required to do under its Consent Decree with the United States and the State of Michigan.  The Parties' Separation and Distribution Agreement (the "SDA") requires AT&T to indemnify NCR for 37% of such costs as they are invoiced.  Yet, in September 2025, AT&T abruptly broke from past practice and ceased paying validly issued invoices for these costs (referred to as the "Kzoo Remediation Invoices" in the Motion).  As detailed in NCR's Motion, AT&T ceased payment for reasons that have nothing to do with the costs NCR has incurred on remediation, which are undisputed and are the basis for the amounts reflected in the unpaid Kzoo Remediation Invoices.  Rather, AT&T is withholding sums it plainly owes under the SDA to exert financial pressure on NCR in hopes of extracting a "settlement" for unrelated costs reflected in invoices that AT&T has paid dating back to 2012, but for which it now demands a refund.

NCR has initiated arbitration proceedings to remedy AT&T's blatant breach of the SDA; but, as detailed in the Motion, NCR simultaneously appealed to this Court for interim relief to prevent imminent and irreparable harm to NCR's business from AT&T's nonpayment.  As detailed in the Motion, AT&T's breach comes (uncoincidentally) at a time when NCR cannot afford to divert resources away from its ongoing business or take on additional debt to cover AT&T's share of remediation costs.  NCR writes today in light of AT&T's ever-increasing arrears, to underscore the untenable financial strain that AT&T's breach is putting on NCR's business.  NCR currently has outstanding invoices issued to AT&T totaling nearly $18.5 million, and AT&T also owes NCR nearly

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
100 Cheapside
London, EC2V 6DT
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP